IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-00608-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

---

ORDER TO DISMISS IN PART AND FOR ANSWER IN PART

---

    Applicant Jeremy Pinson is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the U.S. Penitentiary in Florence, Colorado.  Mr. Pinson, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on April 25, 2011, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies.  On May 17, 2011, Respondent filed a Preliminary Response.  Mr. Pinson filed a Reply on May 27, 2011.

    I must construe the Application and the Reply liberally because Mr. Pinson is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I cannot act as an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated

below, the action will be dismissed in part and Respondent will be directed to address the merits of the remaining claims.

Mr. Pinson asserts that his due process rights were violated in eight separate disciplinary proceedings. He contends that in Incident Report Nos. 1826070, 1740713, 1740717, 1918202, and 2060836 he was not permitted to call witnesses. Mr. Pinson further contends that in Incident Report Nos. 2033414, 2026989, and 2044118 he was denied a hearing based on an invalid waiver of appearance, which resulted in the denial of the opportunity to respond and call witnesses.[1] Mr. Pinson also contends that there was no evidence to support the findings in Incident Report Nos. 2033414, 2026989, 2044118, and 1918202, and 2060836 and he was denied a written statement of the findings in Incident Report Nos. 1826070, 1740713, and 1740717. Mr. Pinson claims that as a result of each disciplinary proceeding good conduct time was withheld and he was denied privileges. He seeks restoration of his good conduct time and privileges and release from disciplinary segregation status.

In the Application, Mr. Pinson asserts that he has exhausted his administrative remedies. Respondent agrees that Mr. Pinson has exhausted his challenges to Incident Report Nos. 2033414, 1918202, and 2060836, but he argues that Mr. Pinson has not exhausted his remedies with respect to the remaining incident reports. In the Reply, Mr. Pinson acknowledges Respondent's assertions, but his opposing arguments are contradictory. Mr. Pinson first states in the Reply that he did not file an appeal

---

[1] Although Mr. Pinson refers to Incident Report No. 2039286 in Claim Two, he does not claim he was denied his due process rights in this disciplinary proceeding. I will not include this proceeding in addressing the claims that he has raised.

regarding Incident Report Nos. 2033414, 1918202, and 2060836 and refers to his Declaration for support of this claim.  *See* Reply at 2.  Yet, In the Declaration attached to the Reply, Mr. Pinson does not refer to Incident Report Nos. 2033414, 1918202, and 2060836, but rather states he did not receive a DHO report in Incident Report Nos. 2026989 and 2044118 and as a result he did not file an appeal in either of these reports, and, likewise, he did not receive a DHO report in Incident Nos. 1826070, 1740713, or 1740717 so he did not file an appeal.  I assume that Mr. Pinson inadvertently referred to Incident Report Nos. 2033414, 1918202, and 2060836 on Page Two of the Reply and intended to refer to the other five incident reports that Respondent identified as not being exhausted.  I, therefore, find that Mr. Pinson agrees with Respondent that Incident Report Nos. 2033414, 1918202, and 2060836 are exhausted, but he is arguing cause for not exhausting the remaining five reports.

As for the remaining five incident reports, exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners like Mr. Pinson.  *See* 28 C.F.R. §§ 542.10–542.19.  The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own

confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15. The BOP administrative remedy procedure, however, provides that a DHO appeal is submitted initially to the Regional Director for the region where the inmate currently is located. *See* 28 U.S.C. § 542.14(d)(2).

The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. 28 C.F.R. § 542.17(a). When a grievance or appeal is rejected, the inmate is provided with a written notice explaining the reason for the rejection, and if the reason for the rejection is correctable the inmate is given a reasonable time to correct the defect. 28 C.F.R. § 542.17(b).

Respondent argues that the claims regarding Incident Report Nos. 1826070, 1740713, 1740717, 2026989, and 2044118 should be dismissed because Mr. Pinson has failed to exhaust his administrative remedies. Although Respondent does not rely on the correct appeal process for challenging a disciplinary proceeding, which is identified under § 542.14(d)(2), Mr. Pinson has conceded that he did not exhaust the five incident reports identified above.

Mr. Pinson is required to follow the procedures set forth in 28 C.F.R.

§§ 542.13–542.15 to exhaust his administrative remedies. Mr. Pinson may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). "A limited exception to the exhaustion requirement applies if a[n] [applicant] can demonstrate that exhaustion would be futile." *Staples v. Chester*, 370 F. App'x 925, 929 (10th Cir. 2010) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006)); *cf. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility in 28 U.S.C. § 2254 actions).

Although Mr. Pinson argues that he is well acquainted with the BOP policies, regulations, and procedures, and that if a DHO appeal is submitted to the regional office it will be rejected and he will be directed to resubmit the appeal with the DHO report, he does not assert that he has attempted to file an appeal, been denied, and sought copies of the report for all of the incident reports in question. Mr. Pinson has provided a copy of correspondence from an assistant warden to a BOP staff member at the Designations and Sentence Computation Center, *see* Reply at Ex. 4, which indicates copies of the DHO reports in Incident Report Nos. 1826070, 1740713, and 174017 cannot be found. He does not assert that he attempted to file a DHO appeal and explain to the regional office the situation and provide a copy of the correspondence showing his inability to provide the DHO report. Nor does he state that he attempted to obtain the DHO report in Incident Report Nos. 2026989 and 2044118,

but was informed the reports did not exist, or that he attempted to file an appeal with the regional office and inform that office about the situation.

Nothing in the CFR regulations requires the DHO to provide a copy of the DHO report within a certain time frame and nothing Mr. Pinson asserts demonstrates that he has been prejudiced by the delay.  See *Staples*, 370 F. App'x at 929-30.  Therefore, Mr. Pinson fails to assert that he is entitled to habeas relief based on the delay.  *Id.*  Furthermore, exhaustion of his administrative remedies is not futile with respect to the claims he asserts regarding Incident Report Nos. 1826070, 1740713, 1740717, 2026989, and 2044118.  Mr. Pinson's challenge to these incident reports will be dismissed for failure to exhaust his administrative remedies.  As for the claims Mr. Pinson raises regarding Incident Report Nos. 2033414, 1918202, and 2060836, Respondent will be instructed to file an Answer and address the merits of these claims.

I also note that Mr. Pinson filed a Motion for a Protective Order requesting that I enjoin Respondent from refusing to mail his legal mail and to make requested photocopies.  Mr. Pinson complains that Respondent will not allow him to contact his attorney for legal advise and to assist in preparing pleadings.  Mr. Pinson asserts that he plans to register with the Court's Electronic Court Filing System, using jpinson064@gmail.com, which his attorney and Prisoner Assistant, Inc. may access and assist him in e-filing his documents with the Court.  Mr. Pinson contends that Respondents are violating his First, Fifth, and Sixth Amendment rights to counsel, to make photocopies, and to send legal mail out of the prison.

First, Mr. Pinson does not have a constitutional right to photocopies, *per se*.  Second, the Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241,

2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Thus, I have discretion to appoint counsel in a habeas proceeding. The interests of justice do not demand that counsel be appointed at this time in this case. Therefore, any claim by Mr. Pinson that his right to counsel under the Sixth Amendment is being violated lacks merit.

Finally, to the extent that Mr. Pinson is asserting a possible denial of access to the courts claim, he must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353. Mr. Pinson has failed to state an actual injury in this case. Furthermore, a denial of access to the court more properly is raised in a prisoner complaint. Mr. Pinson's Motion for a Protective Order will be denied. Accordingly, it is

ORDERED that the action is dismissed in part without prejudice because Mr. Pinson failed to exhaust his administrative remedies with respect to Incident Report Nos. 1826070, 1740713, 1740717, 2026989, and 2044118. It is

FURTHER ORDERED that Respondent shall file a return certifying the true cause of the detention of Mr. Pinson and show cause in writing on or before Monday, August 15, 2011 , why the writ, including the remaining claims that pertain to Incident Report Nos. 2033414, 1918202, and 2060836, should not be granted. It is

FURTHER ORDERED that Mr. Pinson shall remain in custody and within the jurisdiction of this Court until further order. It is

FURTHER ORDERED that Mr. Pinson's Motion for a Protective Order, Doc. No. 16, is DENIED.

Dated:  July 14, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge