IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00608-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS, Warden,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

The matter before me, in this 28 U.S.C. § 2241 action, is the Motion for Reconsideration of Dismissal, Doc. No. 20, that Applicant Jeremy Pinson, a *pro se* prisoner litigant, filed on July 21, 2011.  Mr. Pinson is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the ADX in Florence, Colorado.  Mr. Pinson seeks reconsideration of the Order to Dismiss in Part entered on July 14, 2011, in which I dismissed five of the eight incident reports that he is challenging for failure to exhaust.  I must construe the Motion liberally because Mr. Pinson is proceeding *pro se*.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, I will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). I will consider Mr. Pinson's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Order to Dismiss in Part was entered in this action on July 14, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion for reconsideration should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Pinson asserts that he did file an appeal in each of the incident reports that I dismissed as unexhausted, but the appeals were dismissed in each incident because he did not submit the disciplinary hearing reports, which were unavailable to him. Mr. Pinson contends that as a result the administrative remedy procedure was rendered unavailable to him and should be deemed exhausted as to these reports. Mr. Pinson further contends that I misunderstood his assertions in the Reply to the Respondent's Preliminary Response and that contrary to my findings he

stated in the Reply that he was only unsuccessful in filing an appeal and not that he did not file an appeal regarding the dismissed incident reports.  Mr. Pinson also has attached documents to the Motion that he claims support his new arguments.

First, I have reviewed Mr. Pinson's Reply in which he states very clearly that he did not file an appeal in the incident reports I dismissed as unexhausted.  Mr. Pinson specifically stated in the Declaration attached to the Reply that "I never filed an appeal on Report No[ ]s. 2026989 or 2044118 because I was never given the DHO Report which is required to file such an appeal."  Reply at Ex. 1.  Mr. Pinson also stated that "[s]imilarly no DHO Report was ever delivered to me regarding Report No[ ]s. 1826070, 1740713 or 1740717 . . . .  Had I received the DHO Reports, I would have properly utilized the Administrative Remedy Program to seek redress before resorting to Litigation."  *Id.*  Based on Mr. Pinson's previous arguments set forth in his Reply, his assertions in the Motion for Reconsideration are self-serving and lacking in credibility.

Furthermore, nothing in the attachments to the Motion support his claim that he attempted to utilize the Administrative Remedy Program but was denied the ability to do so.  The note directing Mr. Pinson to "file locally" is generic and fails to demonstrate that he filed an appeal regarding Incident Report Nos. 2026989, 2044118, 1826070, 1740713, and 1740717.  The attached request for the DHO reports is directed to "Counselor Bruce" and does not indicate that Mr. Pinson informed the Regional Director of his inability to obtain the DHO reports.  I find no basis for deeming the administrative remedy procedure exhausted with respect to these incident reports.

Mr. Pinson, therefore, fails to demonstrate that I misapprehended the facts, his position, or the controlling law and that reinstatement of the dismissed incident reports is deserving. The Motion for Reconsideration will be denied. Accordingly, it is

ORDERED that Mr. Pinson's Motion for Reconsideration of Dismissal (Doc. No. 20) is **DENIED**.

Dated: August 4, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE