IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00608-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

## ORDER OF DISMISSAL

I.  BACKGROUND

    Applicant Jeremy Pinson is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  The matter before me is Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Amended Application for a Writ to Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. Nos. 1 and 5, in which he asserts that his due process rights were violated in eight different disciplinary proceedings.  Previously, I entered an order denying the Applications in part for failure to exhaust available remedies with respect to five of the eight disciplinary proceedings that Applicant is challenging.  The remaining disciplinary proceedings that Applicant challenges include Incident Report (IR) Nos. 2033414, 1918202, and 2060836.

    Respondent was directed to show cause why relief should not be granted regarding the three remaining disciplinary proceedings, which he did on August 12,

2011.  Applicant filed a Reply on August 18, 2011.  This matter now is ripe for decision.

II.  ANALYSIS

   A.  Standard of Review

In considering Applicant's filings, I am mindful of his *pro se* status, and accordingly, read his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Pro se status does not relieve Applicant of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, I will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

   B.  Due Process in a Disciplinary Proceeding

As a federal prisoner, Applicant has a constitutionally protected liberty interest in his earned good-conduct time.  *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987).  Therefore, he was entitled to due process at the disciplinary hearings in question.  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Rather, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of

the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id*. at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *See Hill*, 472 U.S. at 455-56; *see also Mitchell*, 80 F.3d at 1445 (citing *Hill*). The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457). Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that the applicant be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

C.  Incident No. 2033414

Applicant asserts that BOP staff improperly waived his appearance at this disciplinary hearing by using a waiver he signed in a different disciplinary hearing. As a

result, Applicant contends he was denied the opportunity to respond to the charges and to call witnesses. Applicant also contends that there was no evidence to support the findings in this proceeding and seeks restoration of his good conduct time and privileges and release from disciplinary segregation status.

Respondent asserts that in this proceeding (1) an incident report was issued against and given to Applicant, on June 25, 2010, for Attempted Killing and Assault on Staff; (2) on July 27, 2010, subsequent to an FBI investigation of the charges, a second copy of the incident report was given to Applicant and he was notified of a pending Unit Disciplinary Committee (UDC) hearing to be held on July 29, 2010; (3) at the UDC hearing Applicant was provided with a notice of his rights and given a copy of the notice of the disciplinary hearing to be held before a Disciplinary Hearing Officer (DHO), at this time he declined representation by a staff representative and to call witnesses; and (4) subsequently, and prior to the DHO hearing, Applicant waived his rights to appear at the DHO hearing, which was held on July 30, 2010. Respondent also asserts that at the DHO hearing the attempted killing charge, Code 100A, was dropped, but the assault charge, Code 101, was sustained, and the DHO sanctioned Applicant with a forty-day loss of good conduct time, a thirty-day placement in disciplinary segregation, and a 365-day loss of visitation and commissary privileges.

In his Reply, Applicant argues that he did not waive his right to attend the hearing in this disciplinary proceeding. He contends that he intended on presenting both a videotape and an FBI report that clearly demonstrate he did not have a weapon. Applicant further contends that the only hearing he waived was for IR No. 2039286 and

that when he signed the waiver form for the IR No. 2039286 hearing the BOP staff member told him that the hearing for the IR No. 2033414 hearing, along with two other incident report hearings, would be held on July 31, 2010.  Applicant asserts that, although on July 31 he inquired about his hearing, he did not receive a hearing in IR No. 2033414, but he did receive a DHO report regarding the IR No. 2033414 hearing that was held in his absence.

Applicant's claim that he was not able to provide exculpatory evidence regarding his use of a weapon is moot.  The charges of attempted killing were dropped and some evidence exists to support a finding that he assaulted another individual.  Applicant does not deny he was involved in an assault that resulted in the bruising of a correctional officer and injury to another inmate.  His only denial and supporting evidence is that he did not possess a weapon.  Even if the findings by the DHO regarding the use of a weapon are disregarded, the DHO determined that Applicant and another inmate assaulted a third inmate, and in particular Applicant hit the third inmate with his fists.

The DHO relied on a written report by the BOP staff member that was involved in the incident and injured as a result of an assault by Applicant.  The written report stated that Applicant was in a secured library with two other inmates, he slipped out of one of his handcuffs and proceeded with the assistance of the second inmate to attack the third inmate. A second staff member confirmed Applicant's assault on the third inmate and stated Applicant and the second inmate assaulted the third inmate with their fists. All inmates and the injured staff member were seen by a nurse who documented the injuries to the inmates and to the staff member.  The third inmate was transported to a

hospital for further treatment.

Applicant does not deny he assaulted the third inmate or the staff member. Furthermore, the letter submitted to the BOP from the FBI regarding the incident states only that during the assault on the federal employee Applicant did not possess a weapon. Therefore, some evidence exists to support a finding that Applicant was involved in an assault on another individual and that the injuries to that individual were serious, in keeping with the Offense Code 101, of which he was found guilty.[1]

As for Applicant's assertion that he did not waive his right to appear at the hearing, nothing Applicant has provided supports this claim.

Respondent attached a copy of a waiver of appearance form that was signed by Applicant and states Applicant does not desire to attend the hearing on July 30, 2010. Although the form does not identify which incident report was to be heard on July 30, Applicant provides no evidence that any hearing other than the one for IR No. 2033414 was held on July 30. He claims he was told on July 30 that the hearing for IR No. 2033414, along with two other hearings, were postponed until July 31, but he also states that he was not called for a hearing on July 31. Applicant further contends that although he did sign the waiver form it was for another incident report. Although Applicant contends that this waiver was not intended to be for IR No. 2033414 nothing he has submitted indicates that this waiver was for any disciplinary hearing other than

---

[1] Offense Code 101 reads as follows: "Assaulting any person, or an armed assault on the institution's secure perimeter (a charge for assaulting any person at this level is to be used only when serious physical injury has been attempted or accomplished)." *See* P.S. 5270.09 Table 1.

the one that took place on July 30, which was for IR No. 2033414.  Also, Applicant provides no evidence that other disciplinary hearings took place on July 30, particularly the hearing for IR No. 2039286, which is the hearing where Applicant waived his appearance.

Applicant also, in his Reply, attached a statement by another inmate that states staff at the Talladega prison facility, where the incident took place, falsify documents to justify their misconduct.  The inmate also states that staff members deny requests for staff representation and witnesses because they do not want to spend the time to make either a representative or a witness available.  The inmate, however, does not specifically attest to being present when Applicant allegedly waived only his right to appear at a disciplinary hearing for a incident report different than IR No. 2033414.

Nonetheless, the evidence Applicant claims he would have presented at the hearing, including the letter from the FBI and the video evidence, only supports his claim that he did not have a weapon or use a weapon in assaulting a federal employee. Since the Code No. 100A, attempted killing, was dropped, and assault under Code 101, as stated above, could be established even without determining whether Applicant possessed a weapon, his absence from the hearing in Incident Report No. 2033414 did not prejudice him or in any respect violate his due process rights.

Therefore, I conclude that Applicant was provided with all the process he was due.  He received a timely notice of the charges against him, he was provided with the

opportunity to present witnesses, but chose to forego this right,[2] was provided a written statement of the facts relied on and the sanction imposed, and some evidence was found by the DHO to support a finding that Applicant was guilty of assault with serious injury. Applicant fails to assert a violation of his due process rights in this disciplinary proceeding.

D.  Incident No. 1918202

Applicant asserts that in this disciplinary proceeding he was not permitted to call witnesses and there was no evidence to support the DHO findings.

Respondent asserts that in this proceeding (1) an incident report was issued against and given to Applicant on September 14, 2009, for Threatening Staff with Bodily Harm and Attempted Assault on Any Person and he was notified of an impending UDC hearing; (2) the UDC hearing was held on September 16, 2009, at which the UDC determined the incident should be referred to the DHO, notified Applicant of his rights before the DHO, and Applicant elected representation but declined witnesses; (3) the DHO hearing was held on November 24, 2009, and Applicant waived his right to representation during the hearing; and (4) the DHO found Applicant did threaten and assault another with bodily harm and sanctioned him with a fifty-four day loss of good conduct time, a sixty day placement in disciplinary segregation, and a 180-day loss of

---

[2] Applicant does not address or provide opposing evidence to the document attached to the Response that Applicant signed on July 29, 2010, and indicated he did not desire to be represented by staff or present witnesses at the disciplinary hearing addressing the violations of Code Nos. 100A and 101. Although the incident report number is not indicated on the document, it is clear from the date and the code violations noted that this document relates to IR No. 2033414.

visitation and telephone privileges.

Applicant states in his Reply that at the UDC hearing he requested a staff representative and twenty-two witnesses. He further asserts he was told by the UDC that the Notice of Disciplinary Hearing form only had space to list three witnesses. Applicant further states that he refused to sign the form without the twenty-two witnesses being named on the form. Applicant also contends that at the DHO hearing he asked the DHO to call his twenty-two witnesses, but the DHO refused to do so. Applicant further asserts that contrary to the DHO report he did not state he committed the infraction but declined to make a statement and denied all allegations.

Applicant's claims are self-serving. Although he claims he denied all allegations, he fails to provide a statement of his innocence or to state why the evidence presented at the hearing was false. The DHO, based on a written statement by the reporting officer, found that Applicant (1) swung at the reporting officer through the food slot with his right arm; (2) admitted he swung at the officer; (3) has a history of assaulting others; and (4) provides no evidence that he did not commit the offense. The DHO also concluded that staff members have no reason to lie about the incident. Based on these findings, I find there is some evidence in the record that would support the conclusion reached by the DHO.

Applicant further fails to assert what testimony the twenty-two witnesses would have given that would have countered the evidence presented by Ms. Turner, the reporting officer and affected the outcome of his disciplinary hearing. *See Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (no due process violation found when

plaintiff failed to show how a testimony from a witness he was not allowed to call would have affected the outcome of his case). Although prison officials must consider an inmate's request to call a witness on an individual basis, errors in denying witness testimony are subject to a harmless error review. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) (citations omitted). Based on the above findings, denying Applicant the ability to have twenty-two witnesses testify at his DHO hearing is at best a harmless error. I find no violation of Applicant's due process by the denial.

Therefore, Applicant fails to assert a violation of his due process rights in this disciplinary proceeding.

E.  Incident No. 2060836

Applicant asserts that in this disciplinary proceeding there is a lack of "some evidence" to support the findings of the DHO hearing.

Respondent asserts that in this proceeding (1) an incident report for Setting a Fire and Refusing an Order was given to Applicant on August 30, 2010; (2) on August 31, 2010, Applicant was notified of the pending UDC hearing to be held on September 3, 2010; (3) the UDC conducted a hearing on September 3, 2010, determined that a referral of the incident to the DHO was required, and provided Applicant with a notice of his rights before the DHO; (4) Applicant elected not to have representation or to call witnesses and waived his rights to appear at the DHO hearing; and (5) the DHO hearing was held on September 10, 2010, during which the DHO, relying on a written report by the reporting officer, found Applicant did set a fire and refused to obey an order and sanctioned him with a forty-day loss of good conduct time, a sixty-day placement in

disciplinary segregation, a 365-day loss of commissary privileges, and a forty-five day loss of visiting privileges.

In his Reply, Applicant asserts that there is no evidence to support a finding that he set a fire. Applicant contends that the evidence relied on by the DHO did not state what was set on fire, how the fire was set, and what was damaged. Applicant further contends there were no photos of the alleged fire or physical evidence of any damage.

In his report, the DHO stated that staff had to extinguish the fire in the cell where Applicant was single celled and that although Applicant did not admit he set the fire he did not deny that he set the fire. The DHO also found that Applicant has a history of setting fires. Neither in the Reply nor the Application does Applicant deny he started the fire. He only contends that no physical evidence was presented to support the DHO's finding.

Nothing under the "some evidence" standard dictates that physical evidence must be presented to reach a guilty determination. Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a prisoner in such proceedings does not apply. *Wolff*, 418 U.S. at 556. The DHO is not required to re-weigh the evidence, make an independent examination of the credibility of the witnesses, or examine the entire hearing record. *Hill*, 472 U.S. at 455-56. The DHO relied on the reporting officer's statement that Applicant was the only inmate in the cell when the fire was set. Applicant does not deny this evidence, and his statement in his Reply that no determination of his mental competency was performed at the time of the incident does not negate the fact that he set the fire. Furthermore, Applicant does not

deny that he has a history of setting fires as found by the DHO.

Based on the above findings, I find some evidence exists to find Applicant guilty of the charges against him. Therefore, Applicant fails to assert a violation of his due process rights in this disciplinary proceeding.

III. CONCLUSION

For the foregoing reasons, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. Nos. 1 and 5, are **DENIED** and the action is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment and close this case.

Dated: January 12, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE