IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00608-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

___

ORDER DENYING MOTION FOR RECONSIDERATION
___

    Applicant Jeremy Pinson, acting *pro se*, filed a Motion for Reconsideration on January 30, 2012 [ECF No. 30], seeking reinstatement of this case.  The Court must construe the Motion liberally because Mr. Pinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the Motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Pinson's Motion for Reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Court dismissed this action on the

merits.  *See Van Skiver*, 952 F.2d at 1243 (previous ten-day limit applied to Rule 59(e) filings).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

Upon consideration of the Motion for Reconsideration, the Order of Dismissal, and the entire file, the Court concludes that Mr. Pinson fails to demonstrate some reason why the Court should alter or amend the January 13, 2012 Order of Dismissal and Judgment in this action.  Nothing Mr. Pinson asserts gives cause for reinstating this case.  Accordingly, it is

ORDERED that the Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 59(e), filed January 30, 2012 [ECF No. 30] is **DENIED**.

Dated:  February 1, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE