IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00608-WYD

JEREMY PINSON,

    Applicant,

v.

DAVID A. BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL ON REMAND

This matter is before the Court on the remand entered by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in this action on June 21, 2013. The Tenth Circuit has vacated the portion of the judgment in this case that pertains to Incident Report (IR) Nos. 1918202, 2033414, and 2060836. The Tenth Circuit also directed that I address whether the BOP should have conducted a mental health evaluation of Applicant prior to the disciplinary hearings because he "appeared mentally ill." *Pinson v. Berkebile*, 528 F. App'x 822, 828 (10th Cir. June 21, 2013).

Specifically, this Court is to consider: (1) whether Applicant's mental health claim solely relates to IR No. 2060836, or whether it also relates to IR Nos. 2033414 and 1918202; (2) whether Applicant exhausted his administrative remedies in relation to his mental health claim; (3) whether exhaustion would have been futile, notably because Applicant suggests that he would have been mentally ill or incompetent during the time period when he was obliged to administratively exhaust the claims; and (4) whether the government's briefing before the district court in response to Applicant's habeas petition

effected a waiver of the affirmative defense of exhaustion. The Tenth Circuit left to this Court to decide whether it is appropriate to reach the merits of Applicant's mental health claim and if necessary to revisit the issues regarding IR Nos. 1918202, 2033414, and 2060836. Finally, appointment of counsel was ordered.

For the following reasons, I will refrain from reaching the merits of Applicant's mental health claim and dismiss the mental competency evaluation claim for failure to exhaust. I also will again dismiss the remaining issues regarding IR Nos. 1918202, 2033414, and 2060836 on the merits.

On September 24, 2013, an attorney was appointed for Applicant. Respondent filed a Response to the Order on Remand, ECF No. 46, on November 7, 2013, and Applicant, through his attorney, filed a Reply, ECF No. 48, on December 9, 2013. Applicant also filed a *pro se* Motion for Order, ECF No. 47, on November 13, 2013. In the Motion for Order, Applicant requests that the Court prohibit Respondent from obstructing his access to his court-appointed attorney. Mot. for Ord. at 1. Applicant contends that his mail to his attorney was refused and he was denied a package from the attorney. *Id.* Applicant also complains that Respondent refused to allow a legal call with his attorney and all of his mail has been withheld starting October 21, 2013. *Id.* I entered an order on March 11, 2014, directing Applicant's attorney and Respondent to brief the issue. Parties filed briefs on April 1, 2014.

Applicant's attorney states that he exchanged correspondence by U.S. Mail with Applicant that was adequate to allow him to file a Reply in this action. Brief, ECF No. 50, at 1. He also asserts Applicant stated to him that a package from him was withheld by staff and six letters addressed to him that were returned to Applicant on 1/18/14 with

a note directing Applicant to provide more information or correct the attorney's name and/or address. *Id.* at 2.

Respondent states that Applicant was placed on "special mail restrictions" on October 3, 2013, and since that date, SIS Kindra Vargas has processed four pieces of outgoing special mail for Applicant addressed to his attorney in this case. Resp., ECF No. 51, at 3. Respondent further asserts that Applicant has received fifty-four pieces of incoming special or legal mail from October 21, 2013, to March 18, 2014. *Id.* Three pieces of this mail were from Applicant's attorney in this case. *Id.*

Applicant's attorney does not state that Applicant attempted to resend the six letters when they were returned to him. Also, Applicant's attorney does not state the package that was sent to Applicant still has not been delivered to Applicant and is being withheld. At most, Applicant's mail was delayed due to his mail restrictions.

Applicant's attorney was able to correspond with Applicant and adequately file a Reply to Respondent's Response to the order on remand. Applicant does not have a constitutional right to communicate with his attorney via telephone; and he did have sufficient communication with his attorney via U.S. Mail as is indicated in the Special Restriction Mail Tracking log and the Incoming Special Mail Logbook provided as an attachment to Respondent's Response and as indicated by his attorney. Resp., ECF No. 51-3, Attach. 1, and ECF Nos. 51-7 and 8, Attachs. 7 and 8. Applicant, therefore, has not been obstructed in his ability to send to or receive mail from his attorney. The Motion for Order, ECF No. 47, will be denied. I now will proceed to review the issues identified by the Tenth Circuit.

First, I take note that Applicant has a high-level understanding of the law and the BOP administrative remedy procedure and is a prolific litigator in the federal court system. Since 2006, when he was first incarcerated, Applicant has filed at least 136 cases in various federal courts, including civil complaints and habeas corpus actions. Nothing in Applicant's 136 filings indicates he lacks comprehension of the substance of the claims he raises. Furthermore, Applicant has been warned on more than one occasion that his actions border on judicial abuse and are malicious. *See Pinson v. Berkebile*, No. 13-cv-03252-LTB (D. Colo. Apr. 9, 2014) (dismissed with prejudice another example of abusive litigation); *Pinson v. Berkebile*, No. 14-cv-00475-LTB (D. Colo. Apr. 9, 2014) (dismissed as repetitive); *Pinson v. Berkebile*, No. 13-cv-02821-LTB (D. Colo. Nov. 5, 2013) (attempt to circumvent 28 U.S.C. § 1915(g) restrictions by filing condition of confinement claims in § 2241 action); *Pinson v. Berkebile, et al.*, No. 12-cv-02118-LTB (D. Colo. Sept. 5, 2012) (dismissed as frivolous, repetitious of Case No. 12-cv-01570-RPM), *appeal dismissed*, No. 12-1363 (10th Cir. Feb. 26, 2013) (found § 1915(g) restrictions apply ordered to pay fee in full; appeal dismissed for failure to pay); *Pinson v. Davis*, No. 11-cv-02955-WYD, ECF No. 13 (D. Colo. Aug. 8, 2012) (dismissed action in part as repetitive, found the filing borders on malicious prosecution); *Pinson v. Davis*, No. 11-cv-1334, ECF No. 22 at 4 (D. Colo. Apr. 25, 2012) (dismissed action in part as repetitive, found to border on malicious prosecution, and warned Mr. Pinson of possible future sanctions), *appeal dismissed*, No. 12-1215 (10th Cir. Jan. 31, 2013) (denied leave to proceed in forma pauperis because issues raised on appeal lacked reasoned, nonfrivolous arguments).

Most recently in *Pinson v. Berkebile*, No. 12-cv-02673-LTB (D. Colo. Apr. 3, 2014), the Court entered an order to show cause directing Applicant to respond and show why he should not be enjoined from filing a § 2241 action in this Court that improperly asserts repetitive and unexhausted claims.

1. Mental Health Claim Intent

At issue in this remand is Applicant's statement that he "suffers from mental problems (Ex. 5-6), but no competency proceedings were conducted as BOP Regulations require. 28 CFR § 541.6." *See* Reply, ECF No. 23, at 6. The Court has been directed by the Tenth Circuit to determine whether this statement pertains only to IR No. 2060836 or to all three incident reports, including Nos. 1918202, 2033414, and 2060836.

Respondent asserts that Applicant raised the mental competency evaluation claim in his Reply in the last sentence of his argument regarding only Incident Report No. 2060836, and he did not set the sentence off as a separate paragraph that would suggest it was a separate argument. Resp., ECF No. 46, at 1. Respondent further asserts that it is Applicant's burden to articulate clearly the arguments he seeks to make with respect to each incident report that he challenges. *Id.* at 2.

Applicant asserts that his mental health claim is mentioned both in the Reply, ECF No. 23, and in attached Exhibits 5 and 6, *id.*, at 16-17. Reply, ECF No. 48, at 1. Applicant also asserts Exhibit 5 is a psychological report dated August 5, 2008, that describes Applicant's psychological adjustment at the Talladega FCI special housing unit as unsatisfactory, and predates all three incident reports. *Id.* Applicant further asserts Exhibit 6 is dated September 8, 2010, describes Applicant's psychological

5

adjustment to SHU as unsatisfactory, suggests significant mental health issues and behavioral problems, and was produced two days before the hearing in IR No. 2060836. *Id.* at 1-2. Applicant concludes that Exhibits 5 and 6 are not limited to Incident Report No. 2060836, and the Reply adequately raises a mental health claim. *Id.* at 2.

Applicant formatted the Reply very meticulously. He first sets forth a statement of undisputed facts regarding the procedural history of the three disciplinary proceedings and then states the facts separately for each proceeding. Reply, ECF No. 48, at 1-2. Applicant next provides a statement of material facts in dispute. In the first paragraph of the statement of material facts in dispute, Applicant specifically identifies a fact that is common to all three disciplinary proceedings. *Id.* at 2. In Pages Three and Four, Applicant describes the material facts in dispute separately for each of the three disciplinary proceedings. Finally, Applicant presents his arguments. In the first paragraph of the argument, Applicant sets forth a statement of his due process rights and how these rights apply to disciplinary hearings. *Id.* at 4. Applicant then presents his due process violation arguments in three separate paragraphs. *Id.* at 5-6. Each paragraph specifically addresses only one of the disciplinary proceedings. *Id.*

There is no indication that Applicant intended to address the mental competency issue in any incident report proceeding other than Incident Report No. 2060836. Based on the format of the Reply and Applicant's identification of only one issue that he stated was common to all proceedings, it is clear that if Applicant intended to argue his mental health issues with respect to all three of the disciplinary proceedings he would have done so like he did in addressing Margie Bier's personal involvement in all of the disciplinary proceedings. *Id.* at 2. Simply because Applicant refers to Exhibits 5 and 6

in support of his mental competency claim does not support a finding that he intended the mental competency claim to pertain to all three disciplinary hearings. He refers only to the exhibits with relation to his argument regarding IR No. 2060836, and given the date the evaluation was done in Exhibit 6, as pointed out by Applicant, two days prior to the disciplinary hearing in IR No. 2060836, it is clear that Applicant intended to use this evidence to support his challenge to IR No. 2060836.

Applicant also has challenged one of the three incident reports, IR No. 1918202, in a previous case. *See Pinson v. Rathman*, No. 11-cv-00329-LSC-HGD, ECF No.1 (N.D. Ala. Feb. 28, 2011). Just like in this case, Applicant stated nothing in Case No. 11-cv-00329-LSC about the denial of a mental competency evaluation in the IR No. 1918202 disciplinary proceeding.

I find that Applicant did not intend to include the mental competency evaluation claim in his challenge of IR Nos. 2033414 and 1918202.

2. Exhaustion of Mental Health Claim

Nonetheless, even if Applicant had intended to raise his mental competency claim with respect to all incident reports, Applicant concedes the claim is not exhausted. *See* Reply, ECF No. 48, at 2. Respondent attached copies of the administrative remedy appeal that Applicant filed in each incident report. *See* Response, ECF No. 46. In IR No. 2060836, (Administrative Remedy No. 617042), on November 18, 2010, Applicant appealed the following alleged violations: (1) the notice of the incident was not delivered within twenty-four hours; (2) no investigation was conducted; (3) the UDC (Unit Disciplinary Unit) hearing was not held by three staff members, within three days, and no copy of the findings was provided; (4) no staff representative provided or witnesses

7

allowed; (5) evidence was insufficient; (6) Code 103 was an improper charge; and (7) the sanctions were excessive. *Id.*, ECF No. 46-5 at 3. In IR No. 2033414, (Administrative Remedy No. 608059), on September 15, 2010, Applicant appealed the following alleged violations: (1) notice of incident not delivered within twenty-four hours of release by FBI; (2) UDC hearing not held within three days as required by 28 CFR § 541.15, nor was the hearing held by three staff members as required by P.S. 5270.08, Chapter 6; (3) no copy of the UDC findings was provided as required by 28 CFR § 541.15(f); (4) no staff representative was provided as required by 28 CFR § 541.17(b); (5) not permitted to attend the DHO hearing as required by 28 CFR § 541.17; (6) not permitted to call witnesses as required by 28 CFR 541.17(c); (7) evidence was insufficient to support the findings; (8) DHO report not delivered in ten days as required by 28 CFR 541.17(g); (9) DHO was not a certified, impartial decision maker; and (10) sanctions were excessive. *Id.*, ECF No. 46-4, at 5.

In IR No. 1918202, (Administrative Remedy No. 577627), on February 10, 2010, Applicant appealed the following alleged violations: (1) evidence was insufficient for finding guilt; (2) BOP staff used threats to coerce waiver of witnesses and staff representative; (3) UDC did not provide a copy of the findings; (4) DHO disallowed more GCT than is allowed; (5) sanctions were successive; and (6) DHO report was not delivered in ten days. *Id.*, ECF No. 46-3, at 1.

Applicant did not exhaust his mental competency claim in any of the administrative remedy appeals that he filed with respect to the three incident reports at issue in this remand.

3. Futility of Exhausting Mental Health Claim

Respondent asserts that the record is void of any evidence that Applicant could not have exhausted his remedies regarding his mental competency claim. Resp., ECF No. 46 at 2. Respondent contends that (1) Applicant's pleadings contain no indicia of mental competence; (2) medical records referred to by Applicant do not diagnose mental incompetence, but indicate other mental health issues; (3) Applicant's numerous pleadings before the Court do not reveal a level of mental incompetence that would invoke a due process concern; (4) Applicant did exhaust his administrative remedies regarding other issues in IR Nos. 1918202, 2033414, and 2060836; (5) Applicant exhausted claims in other cases in this Court; and (6) Applicant has filed over 100 federal cases during his incarceration. *Id.* Respondent concludes that there is scant evidence that exhaustion would have been futile due to Applicant's alleged mental incompetence precluding his ability to file administrative remedies. *Id.* at 2-3.

Applicant contends that the BOP ignored its own regulation despite overwhelming evidence that Applicant may have been mentally ill either at the time of the disciplinary hearings or at the time of the alleged incidents. Reply, ECF No. 48, at 2. Applicant argues that if an inmate is unable to understand the nature of the disciplinary proceeding he is by definition incompetent to establish his own incompetence at such a proceeding. *Id.* at 3. Applicant further contends that if an inmate is incompetent at the proceeding he cannot be required to competently seek review of the proceeding by following the review procedure. *Id.* Applicant concludes that exhausting administrative remedies in these circumstances is not only futile but impossible. *Id.*

Applicant may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). "A limited exception to the exhaustion requirement applies if a[n] [applicant] can demonstrate that exhaustion would be futile." *Staples v. Chester*, 370 F. App'x 925, 929 (10th Cir. 2010) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006)); *cf. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility in 28 U.S.C. § 2254 actions); *see Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, 166 F.3d 347, *3 (10th Cir. Dec. 14, 1998) (Table). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

Applicant exhausted his administrative remedies in all three incident reports regarding issues other than mental competency. The reasons for his appeals, as noted above, are detailed and stated with clarity. The dates for each incident and following DHO hearing are as follows: (1) Incident Report No. 2060836, August 30, 2010, and September 10, 2010; (2) Incident Report No. 2033414, June 25, 2010 and July 30, 2010; and (3) Incident Report No. 1918202, September 14, 2009, and November 24, 2009.

With respect to Incident Report No. 2060836, during the time from August through September 2010, Applicant filed and prosecuted the following federal cases. On September 13, 2010, Applicant filed a *Bivens* complaint in *Pinson v. Rathman, et al.*, No. 10-cv-02469 (N.D. Ala. June 30, 2011), that was signed and dated on September 4,

2010, *id.* at ECF No. 1.  The complaint challenges double-celling at the SMU at FCI Talladega.  *Id.*  On September 21, 2010, in Case No. 10-cv-02469, Applicant filed a motion for a preliminary injunction that is signed and dated September 19, 2010, that contests the use of four-point restraints and the use of pepper spray or other chemical agents to coerce an inmate into a cell with another inmate.  *Id.* at ECF No. 3.  Both the complaint and the motion for injunctive relief are clearly presented and indicate that Applicant was quite coherent during this time.

In *Pinson v. St. John*, No. 10-cv-01832-RBP-HGD, ECF No. 7 (N.D. Ala. Feb. 25, 2013), on August 20, 2010, Applicant signed and dated a motion for reconsideration for filing in this case.  On September 27, 2010, Applicant signed and dated a Prisoner Consent Form in *Pinson v. Elston*, No. 10-cv-01847-SLB-HGD, ECF No. 5 (N.D. Ala. Jan. 6, 2012).  He also signed and dated a 28 U.S.C. § 1915 motion, ECF No. 3, in Case No. 10-cv-001847 on August 11, 2010.  In *Pinson v. Fed. Bureau of Investigation, et al.*, No. 10-cv-01917-RBP-HGD (N.D. Ala. Sept. 8, 2010), Applicant signed and dated two notices,  ECF Nos. 4 and 5, one on August 11, 2010, and the other on August 12, 2010, and signed and dated a notice of voluntary dismissal on August 20, 2010, ECF No. 6.

In *Pinson v. Reese, et al.*, No. 09-cv-02379-CLS-HGD (N.D. Ala. Mar. 27, 2013), Applicant signed and dated a notice of appeal, ECF No. 33, on August 22, 2010, a § 1915 motion, ECF No. 34, on August 21, 2010, a motion for reconsideration, ECF No. 35, on August 28, 2010, and an amended notice of appeal, ECF No. 37, and a transcript request, ECF No. 38, on September 2, 2010.  Applicant submitted a § 2241 action to the court on September 14, 2010, in *Pinson v. Rathman*, No. 10-cv-02477-IPJ-HGD

(N.D. Ala. Aug. 20, 2013), challenging two incident reports. Applicant did not date the § 2241 petition. On September 15, 2010, Applicant signed and dated a motion, ECF No. 43, in *Pinson v. Pacheco, et al.*, No. 10-cv-01377-REB-MJW (D. Colo. Sept. 15, 2011), seeking a response to his motion for injunctive relief. In *Pinson v. Prieto, et al.*, No. 10-cv-00811-PSG-SP, ECF No. 3 (C.D. Cal. Filed June 2, 2010), Applicant filed a civil rights complaint on September 17, 2010 (the complaint is restricted to the public so date signed is unavailable). Also, in *Pinson v. Miller, et al.*, No. 10-cv-00807-F, ECF No. 10 (W.D. Okla. Feb. 9, 2011), Applicant filed a request for issuance of summons on August 27, 2010. Applicant signed and dated a typewritten, seventeen-page appellant brief on August 22, 2010, for filing in *Pinson v. Pacheco, et al.*, No. 10-1360, No. 9792344 (10th Cir. *aff'd* Oct. 7, 2010), *cert. denied*, No. 10-7194 (Dec. 13, 2010).

Just before the incident, on August 30, 2010, and until after the disciplinary proceeding took place, on September 10, 2010, in Incident Report No. 2060836, Applicant was able to continue to prosecute in eight different federal district court cases and to file a seventeen-page brief in the Tenth Circuit. A review of each of the documents filed by Applicant during this time period indicates that each of the documents was well-written by an individual that is well versed in federal court proceedings and is very knowledgeable of BOP and CFR regulations. Applicant even states in this case that he is very well versed in BOP policies, regulations, and procedures and properly utilizes them when he feels it is necessary. *See* ECF No. 15 at 6.

Applicant did not appeal the results of the September 10, 2010 proceeding in IR No. 2060836 until November 18, 2010, the day he received a copy of the DHO report.

ECF No. 46-5 at 3. The delay in providing the report, according to prison staff, was due to other hearings being conducted and a delay in typing the report, along with inadvertently filing the report with the completed reports. *See* ECF No. 22-5 at 6. The administrative remedy appeal addressing IR No. 2060836 is specific and identifies claims that implicate due process violations under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and possible BOP regulation or CFR violations. Contrary to Applicant's suggestion, nothing he asserts in the remedy appeal indicates he did not understand the nature of the disciplinary proceeding.

    I also note that Applicant was able to submit over ninety separate administrative remedy requests or appeals from August through November 2010. *See Pinson v. Berkabile*, No. 12-cv-02673, ECF No. 20-1 at 32-38 (D. Colo. Apr. 3, 2014). The subject of each request is specific and presents an issue that is of sound reasoning. Furthermore, on November 16 and 29, 2010, before and after he submitted and appealed the results of his disciplinary hearing in IR No. 2060836, Applicant submitted a remedy request that concerned his mental disorder and the effect a transfer may have on the disorder. *Id.* at 37-38. Yet, Applicant mentioned nothing about the mental disorder in the appeal in IR No. 2060836 that he submitted on November 18, 2010.

    Given Applicant's more than adequate statement challenging the different alleged procedure violations by prison staff at the time he appealed the results of the disciplinary proceeding, the prolific number of civil filings and remedy requests he filed from just before the offenses were committed until he sought an appeal of the disciplinary proceeding, Applicant's proclaimed knowledge of CFR regulations, his high-level understanding of the law, and his awareness of his "mental disorder" at the time he

filed his appeal, it is inconceivable that he would not have been able to present a mental competency evaluation in his appeal of IR No. 2060836 due to his alleged mental illness. I, therefore, find it was not futile for Applicant to exhaust any mental incompetency evaluation claim regarding IR No. 2060836 at the time he exhausted all of his other claims.

With respect to IR No. 2033414, from June through July 2010, Applicant was able to initiate or prosecute the following federal cases. On July 7, 2010, Applicant signed and dated a *Bivens* complaint claiming that his legal mail is being read outside of his presence, which was filed in the court on July 9, 2010. *See Pinson v. R. St. John, et al.*, No. 10-cv-01832-RBP-HGD, ECF No. 1 (N.D. Ala. Feb. 25, 2013). Applicant also signed and dated a motion for preliminary injunction in Case No. 10-cv-01832 on July 15, 2010, which was entered on the docket on July 20, 2010. *Id.* at ECF No. 3.

Applicant signed and dated a second *Bivens* complaint, in *Pinson v. Elston*, No. 10-cv-01847-SLB-HGD, ECF No. 1 (N.D. Ala. Jan. 6, 2012), on July 10, 2010, which was entered on the docket on July 12, 2010, claiming that the defendant referred to him as a "faggot," which was heard by forty inmates and exposed Applicant to harassment and physical harm. Then on July 13, 2010, Applicant signed and dated a third complaint, *Pinson v. Fed. Bureau of Investigation, et al.*, No. 10-cv-01917-RBP-HGD, ECF No. 1 (N.D. Ala. Sept. 8, 2010), claiming that on June 25, 2010, his personal property was confiscated as part of a criminal investigation of an attempted murder.

On June 21, 2010, in *Pinson v. Pacheco, et al.*, No. 10-cv-01377-REB-MJW, Applicant filed a motion to vacate the court's order to amend his complaint, ECF No. 4, and an emergency motion for a preliminary injunction, ECF No. 5. Both filings are dated

June 17, 2010. Applicant also filed a motion to reconsider, ECF No. 7, on July 12, 2010, that is signed and dated July 6, 2010, and an account statement and prison correspondence that also is signed and dated July 6, 2010, ECF No. 8. On July 23, 2010, Applicant further filed a notice of partial payment, ECF No. 11, that is signed and dated July 20, 2010, and a motion for service, ECF No. 12, that also is signed and dated July 20, 2010. Finally, in Case No. 10-cv-01377-REB-MJW, Applicant filed a motion to stay collection of fee, ECF No. 14, on July 26, 2010, that is signed and dated July 20, 2010.

On July 28, 2010, Applicant initiated an action by filing a complaint that is signed and dated July 1, 2010 in *Pinson v. Miller, et al.*, No. 10-cv-00807-F, ECF No. 1 (W.D. Okla. Feb. 9, 2011). The complaint challenges Applicant's denial of grievances and his housing in a cell by gang members. *Id.*

Applicant also filed a motion to voluntarily dismiss an appeal on July 21, 2010, in *Pinson v. Warden*, No. 10-11145 (11th Cir. July 21, 2010), and a reply to a motion for extension of time on July 29, 2010, in *Pinson v. Lappin, et al.*, No. 10-5059, ECF No. 1322050 (D. D.C. Appeal Filed Mar. 4, 2010), that is signed and dated July 22, 2010. Applicant filed a brief in *Pinson v. Norwood, et al.*, No. 10-56049 (9th Cir. Jan. 12, 2011), on July 12, 2010, that is signed and dated on July 10, 2010.

Just before the incident, June 25, 2010, and until after the disciplinary proceeding took place on July 30, 2010, in IR No. 2033414, Applicant was able either to initiate or to continue to prosecute five different federal district court cases and to file pleadings in three separate appeals, including a brief in the Ninth Circuit. A review of each of the documents filed by Applicant during this time period indicates that each of the

documents was well-written by an individual that is well versed in federal court proceedings and is very knowledgeable of BOP and CFR regulations.

Applicant was able to submit at least fourteen separate administrative remedy requests or appeals from June through July 2010. *See Pinson v. Berkabile*, No. 12-cv-02673, ECF No. 20-1 at 32-33 (D. Colo. Apr. 3, 2014). The subject of each request is specific and presents an issue that is of sound reasoning.

Furthermore, Applicant appealed the DHO decision on September 15, 2010, in this disciplinary action, which is during the same time that he was able to continue to file well-written pleadings in pending civil actions, as identified in the discussion above regarding IR No. 2060836, and was able to submit administrative remedy requests that were specific in nature and presented an issue that was of sound reasoning.

Given Applicant's more than adequate statement challenging the different alleged procedure violations by prison staff at the time he appealed the results of the disciplinary proceeding, the prolific number of civil filings and remedy requests he filed from just before the offenses were committed until he sought an appeal of the disciplinary proceeding, Applicant's proclaimed knowledge of CFR regulations, and his high-level understanding of the law, I find it incredible that he would not have been able to present a mental competency evaluation in his appeal of IR No. 2033414 due to his alleged mental illness. I, therefore, find it was not futile for Applicant to exhaust any mental incompetency evaluation claim regarding IR No. 2033414 at the time he exhausted all of his other claims.

With respect to IR No. 1918202, from September through November 2009, Applicant was able to initiate or prosecute the following federal cases. In *Pinson v.*

*Reese, et al.*, No. 09-cv-02379-CLS-HGD, ECF No. 1 (N.D. Ala. Mar. 27, 2013), Applicant initiated the action on November 24, 2009, by filing a complaint signed and dated November 22, 2009. In *Pinson v. Martin*, No. 09-cv-02045-CMC (D. S.C. Nov. 6, 2009), on September 17, 2009, Applicant filed a notice of change of address, ECF No. 9, and a motion for hearing on obstruction of litigation, ECF No. 10, both are dated September 11, 2009. Applicant also filed a notice of voluntary dismissal, ECF No. 16, in this case, on October 29, 2000, that is dated October 25, 2009. In *Pinson v. Martin*, No. 09-cv-02131 (D. S.C. Nov. 6, 2009), Applicant filed several pleadings between September 17, 2009, and October 29, 2009, including a motion to transfer, ECF No. 5, that is signed and dated on September 11, 2009, a motion for leave to proceed in forma pauperis, ECF No. 6, filed on September 18, 2009, a $5.00 filing fee payment, ECF No. 13, on October 9, 2009, and a notice of voluntary dismissal, ECF No. 18, filed on October 29, 2009, that was signed and dated on October 25, 2009. Applicant also filed a motion to withdraw and dismiss a § 2255 motion as moot, on October 26, 2009, in a criminal case. *See United States v. Pinson*, No. 06-cr-00114-R, ECF No. 128 (W.D. Okla. Oct. 26, 2009).

     Applicant was able to submit at least twenty-six separate administrative remedy requests or appeals from September through November 2009. *See Pinson v. Berkabile*, No. 12-cv-02673, ECF No. 20-1 at 26-28 (D. Colo. Apr. 3, 2014). In February 2010, when Applicant appealed the results of the DHO hearing, Applicant submitted eight administrative remedy requests. *Id.* at 22. The subject of each remedy request, filed from September through November 2009, and in February 2010, is specific and presents an issue that is of sound reasoning.

17

Given Applicant's more than adequate statement challenging the different alleged procedure violations by prison staff at the time he appealed the results of the disciplinary proceeding, the prolific number of civil filings and remedy requests he filed from just before the offenses were committed until he sought an appeal of the disciplinary proceeding, Applicant's proclaimed knowledge of CFR regulations, and his high-level understanding of the law, it is unreasonable that he would not have been able to present a mental competency evaluation in his appeal of IR No. 1918202 due to his alleged mental illness. I, therefore, find it was not futile for Applicant to exhaust any mental incompetency evaluation claim regarding IR No. 1918202 at the time he exhausted all of his other claims.

4. Waiver of Affirmative Defense of Exhaustion

I dismissed Applicant's mental incompetency without discussion because Applicant has, as specifically indicated above, demonstrated on more than one occasion the ability to clearly and concisely address his claims, and he did not indicate in any of the pleadings in this case prior to the Reply filed on August 18, 2011, ECF No. 23, that a lack of a mental competency evaluation was at issue in the disciplinary hearing in IR No. 2060836. Even in the Reply, Applicant's mental evaluation claim is fleeting and fails to assert that his due process rights under *Wolff* were violated. Furthermore, Applicant identified in the Reply with specificity all of the other reasons for the alleged denial of due process and violation of BOP procedures in each of the incident reports. He, however, failed to assert any basis for the alleged violation of 28 C.F.R. § 541.6, the regulation that pertains to BOP staff conducting mental competency evaluations prior to a disciplinary hearing. Reply, ECF No. 23 at 3-6.

18

"District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion." *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (quoting *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993)). A federal district court has the "discretion either to dismiss a § 2241 petition if it appeared that the petitioner was not entitled to relief or to order the respondent to file a response." *Garza*, 596 F.3d at 1205 (relying on Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts that states a district court judge must either dismiss a petition if it "plainly appears" from the petition and any exhibits that the petitioner is not entitled to relief).

Because the Court exercised its discretion to dismiss Applicant's mental competency claim on the merits I, therefore, find Respondent could not have waived exhaustion regarding this claim.

5. Conclusion

I will dismiss Applicant's challenges to IR Nos. 1918202, 2033414, and 2060836 for the same reasons set forth in the January 13, 2012 Order of Dismissal. I will dismiss Applicant's mental competency evaluation claim as it relates to IR No. 2060836 for failure to exhaust administrative remedies. For the foregoing reasons, it is

ORDERED that Applicant's Motion for Order, ECF No. 47, is **DENIED**. It is

FURTHER ORDERED that the claims challenging IR Nos. 1918202, 2033414, and 2060836 are **DISMISSED WITH PREJUDICE**, except for Applicant's mental competency evaluation claim, as it pertains to IR No. 2060836, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Dated: June 24, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE